IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 AUG 22 PM 4:36
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

| | | |
|---|---|---|
| TEXAS MUTUAL INSURANCE, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL NO. A-13-CA-1070-LY |
| | § | |
| INTEGRATED CLAIMS SYSTEMS, LLC, | § | |
| DEFENDANT. | § | |

## ORDER

Before the court in the above styled and numbered patent declaratory-judgment action are Integrated Claims Systems, LLC's ("Integrated Claims") Defendant's Partial Motion to Dismiss for Lack of Personal Jurisdiction, Lack of Subject Matter Jurisdiction and Failure to State a Claim filed March 31, 2014 (Clerk's Document No. 23), Integrated Claims' Defendant's Motion to Transfer Venue filed March 31, 2014 (Clerk's Document No. 25), Plaintiff Texas Mutual Insurance Company's ("Texas Mutual") responses to the motions, and Integrated Claims' replies.[1] On May 2, 2014, the court held a hearing on the motions at which the parties were represented by counsel. Having considered the motions, responses, replies, the pleadings, the arguments of counsel, post-hearing notices to the court, and the applicable law, the court concludes that it has personal jurisdiction over the parties and subject-matter jurisdiction over all claims alleged in this action.

---

[1] In addition to Integrated Claims' motions, also before the court are Texas Mutual's Response to Integrated Claims Systems Partial Motion to Dismiss filed April 14, 2014 (Clerk's Document No. 31), and Integrated Claims' Reply in Support of Partial Motion to Dismiss For Lack of Personal Jurisdiction, Lack of Subject Matter Jurisdiction and Failure to State a Claim filed April 28, 2014 (Clerk's Document No. 36), Texas Mutual's Response to Integrated Claims Systems Motion to Transfer Venue filed April 14, 2014 (Clerk's Document No. 30), Integrated Claims' Reply In Support of Its Motion to Transfer Venue filed April 28, 2014 (Clerk's Document No. 37), Texas Mutual's Notice of Subsequent Events and Authority Regarding Defendant's Motion to Transfer Venue filed June 11, 2014 (Clerk's Document No. 39), and Plaintiff's Notice of Subsequent Events and Authority Regarding Defendant's Motion to Transfer filed August 11, 2014 (Clerk's Document No. 43).

The court concludes that the portions of Texas Mutual's claims designated in the First Amended Complaint as "Causes of Action B, D, F, H, J, L, N, P, T, and V" that allege invalidity based on lack of patent-eligible subject matter, a written description, enablement, best mode, or indefiteness, pursuant to Title 35 United States Code sections 101 and 112, fail to state a claim for which relief may be granted. Additionally, the court will deny Integrated Claims' motion to transfer venue.

**Background**

Texas Mutual alleges that Integrated Claims is a New York limited-liability company with its principal place of business in New York. Its only known employee is its president Andrew DiRienzo. Integrated Claims is the owner by assignment of the patents-in-suit. Texas Mutual is a not-for-profit mutual insurance corporation headquartered in Austin, Texas that serves as an insurer of last resort for Texas companies. Texas Mutual's worker's compensation insurance policies cover claims and benefits only in Texas. Texas Mutual conducts its insurance-claim processing and bill-payment processing exclusively in Texas and does not do business or provide insurance payments or benefits in any other state.

Central to this dispute is a letter dated January 9, 2013, from counsel for Integrated Claims to Texas Mutual, in which Integrated Claims explains that it "has 11 issued U.S. patents and three pending U.S. patent applications covering the electronic processing of insurance claims, such as workers' compensation claims (collectively, "the DiRienzo patents")." The letter lists the 11 patents by number and includes an electronic copy of each on an enclosed disk for Texas Mutual's review. The letter continues,

> [Integrated Claims] believes that the inventions covered by one or more of the DiRienzo patents are being practiced by Texas Mutual. For example, any insurance company that utilizes a mainframe

> computing system to electronically process workers' compensation claims with attachments in accordance with HIPAA guidelines as required by 28 TAC § 133.500-02 would necessarily infringe numerous claims of the DiRienzo patents. To illustrate this, we have attached representative claim charts comparing claim 1 of U.S. Patent No. 7,346,768 ['768 Patent] and claim 27 of U.S. Patent No. 7,178,020 ['020 Patent] with HIPAA standard transactions in accordance with 28 TAC § 133.500-02.
>
> Given the per-transaction savings associated with processing claims electronically rather than manually (approximately 50%, according to AHIP), and the volume of attachment-containing transactions Texas Mutual must necessarily process as the largest workers' compensation insurance company in Texas (and which could not be processed electronically without practicing claims of the DiRienzo patents), an eight-figure licensing fee could easily be supported under a reasonable royalty analysis.

The letter offers Texas Mutual "a fully paid-up license to all current and future DiRienzo patents, for all electronic claims processed for [Texas Mutual's] Texas-based workers' compensation policy holders, for $[]." The letter concludes,

> [Integrated Claims] would like to move forward quickly and amicably. [Integrated Claims] takes the matter of its intellectual property seriously, but earnestly believes that it is in the interest of both parties to craft a reasonable business solution. Toward that end, we will contact you within the next ten business days to answer any initial questions you may have regarding [Integrated Claims]' proposal.

Also included in the letter are claim charts for the two claims–1 and 27–of the two patents mentioned, a proposed license agreement applicable to *all* 11 DiRienzo patents, and a proposed nondisclosure agreement.

In response, Texas Mutual, on February 13, 2013, filed an action seeking a declaratory judgment that it does not infringe the '020 and '768 Patents and that all 11 patents referenced in the

January 9 letter are invalid. *See Texas Mut. Ins. Co. v. Integrated Claims Sys.*, LLP, No. 1:13-CV-128-LY ("128 Action"). Integrated Claims moved to dismiss the 128 Action for lack of personal jurisdiction. This court found that the only contact Integrated Claims had with Texas was the January 9 "letter that informed Texas Mutual of suspected patent infringement and offered Texas Mutual a license to Integrated Claims' patents." *Id.* at *9 (April 29, 2013). The court concluded that the January 9 letter, alone, was insufficient to comport with due process and as a matter of law was insufficient to establish personal jurisdiction over Integrated Claims. *Id.* The court dismissed the 128 Action without prejudice for lack of personal jurisdiction.

Texas Mutual appealed the decision. During the pendency of the appeal, on August 20, 2013, in the United States District Court for the Eastern District of Texas, Integrated Claims filed eight separate suits against various insurance companies, alleging in each that the insurance-company defendant was infringing the '020 and '768 Patents. Upon learning of Integrated Claims' filings, Texas Mutual moved for dismissal of its appeal in the 128 Action, which was granted by the Federal Circuit. *Texas Mut. Ins. Co. v. Integrated Claims Sys., LLC*, No. 13-1431 (Fed. Cir. Dec. 20, 2013).

On December 18, 2013, Texas Mutual filed this action. By its original complaint, Texas Mutual again seeks a declaration of noninfringement of the '020 and '768 Patents and a declaration that the other nine patents-in-suit, listed and referenced in the January 9, 2013 letter, are invalid. Texas Mutual filed an Amended Complaint on March 20, 2014, seeking a declaratory judgment of noninfringement as to *each* of the 11 DiRienzo patents, and, as in the previous action, requests a declaratory judgment that each of the 11 patents are invalid.

**Amended complaint's allegations regarding jurisdiction and venue**

Texas Mutual alleges this the court has original subject-matter jurisdiction because this action arises under the patent laws of the United States and seeks relief pursuant to the Federal Declaratory Judgment Act. *See* 28 U.S.C. §§ 1331, 1338(a), 2201, 2202; 35 U.S.C. §§ 1-321. Texas Mutual also alleges that Integrated Claims is subject to personal jurisdiction in Texas based on Integrated Claims' patent-enforcement activity in Texas and that venue is proper in this court because a substantial part of the events or omissions giving rise to the claims occurred in this district.[2] *See* 28 U.S.C. § 1391.

**Integrated Claims' motions to dismiss for lack of jurisdiction and to transfer venue**

Integrated Claims concedes that the court has jurisdiction over the '020 and '768 Patents, but argues that the court lacks personal and subject-matter jurisdiction over Texas Mutual's allegations regarding the remaining nine patents-in-suit. Integrated Claims contends that the only jurisdictionally related fact that has occurred since dismissal of the 128 Action is that Integrated Claims filed the eight patent-infringement actions in the Eastern District of Texas, claiming in each that the defendant insurance company infringed *two* of the Integrated Claims patents at issue in this action–the '768 and the '020 Patents. Specifically, Integrated Claims argues that by initiating the Eastern District actions, Integrated Claims has subjected itself to specific personal jurisdiction, but only with respect to two patents at issue here, the '768 and '020 Patents. Further, Integrated Claims argues that the court lacks subject-matter jurisdiction over the claims seeking a declaratory judgment

---

[2] Texas Mutual also argues that the court has personal jurisdiction over Integrated Claims based on Integrated Claims' statements included in supplemental briefing to the Fifth Circuit during the appeal of the 128 Action and in the motion to transfer venue filed in this action. The court declines to address this argument, as other grounds exist for the personal jurisdiction.

5

of noninfringement of the remaining nine patents because Integrated Claims "did not accuse [Texas Mutual] of infringing these patents."

Integrated Claims also requests that in the interest of justice and for convenience of the parties, the court transfer this case to the United States District Court for the Eastern District of Texas, Marshall Division. *See* 28 U.S.C. § 1404(a). Integrated Claims argues that each of the patents-in-suit are in the same patent family, relate to the same inventions regarding systems and methods for electronically processing insurance claims, share the same patent specification, and stem from the same parent patent. Further, Integrated Claims argues that claim construction is scheduled to occur in the Eastern District actions before it would occur here, and that claims construction will likely include many of the claim terms to be construed by this court. Thus, judicial economy would be served by transferring this action to the Eastern District of Texas.

Texas Mutual disagrees with each of Integrated Claims' contentions. With regard to personal jurisdiction over Integrated Claims regarding the nine patents not at issue in the Eastern District, Texas Mutual responds that Integrated Claims conceded in its motion to transfer venue that Texas courts have personal and subject-matter jurisdiction over all of the claims in this action. Integrated Claims' motion to transfer venue recites, "There can be no dispute that Texas Mutual could have filed this case in East Texas. [Integrated Claims] is subject to jurisdiction there because it has voluntarily filed multiple lawsuits in that district." Thus, argues Texas Mutual, Integrated Claims' real issue is not this court's lack of jurisdiction to address all 11 patents-in-suit in Texas, but Integrated Claims' preference that the court transfer venue to the Eastern District of Texas.

### Status of Integrated Claims' actions filed in Eastern District of Texas

Texas Mutual's Notice of Subsequent Events filed on August 11, informs the court that each of the cases cited by Integrated Claims' motion to transfer venue has either settled or been transferred out of the Eastern District of Texas to other federal district courts. Additionally, since the commencement of this action, Integrated Claims filed two actions in July 2014 in the Eastern District of Texas, alleging that the defendant in each of those actions has infringed the '020 and the '768 patents-in-suit. For each of the cases filed in July, neither defendant has responded and the court has yet to set a scheduling conference.

### *Personal jurisdiction*

The question of personal jurisdiction is not a function of wrongdoing. "Rather, it is a question of the power of a judicial forum to decide the issues brought before it." *Viam Corp. v. Iowa Export-Import Trading Co.*, 84 F.3d 424, 428 (Fed. Cir. 1996).[3] Determining whether personal jurisdiction exists over an out-of-state defendant involves two inquiries: whether the forum state's long-arm statute permits service of process, and whether the assertion of personal jurisdiction will violate due process. *Id.* at 1270. Because the Texas long-arm statute extends to the limits of due process, personal jurisdiction here is a single inquiry of whether exercising personal jurisdiction comports with due process. *See Dainippon Screen Mfg. Co. v. CFMT, Inc.*, 142 F.3d 1266, 1269 (Fed. Cir. 1998). Personal jurisdiction may either be specific or general, depending on the out-of-state defendant's contacts with the forum state. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n.15 (1985).

---

[3] As this is a patent action, Federal Circuit rather than Fifth Circuit caselaw applies. *See Dainippon Screen*, 142 F.3d at 1269.

A patentee who seeks to enforce its patent may bring an infringement action in a proper forum, and issues regarding the validity and enforceability of the patent may be raised by the defendant. *Viam Corp.*, 84 F.3d at 428. A potential defendant in an infringement suit may, in a proper case, preempt the patentee and initiate a suit challenging the enforcement of the patent. *Id.* "The issues on the merits are essentially the same in either situation, the test for personal jurisdiction, for the forum's power to hear the issues, should be the same. *Id.* (citing *Akro Corp. v. Luker*, 45 F.3d 1541, 1545 (Fed. Cir. 1995)).

"Due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (quoting *International Shoe v. Washington*, 326 U.S. 310, 316 (1945)). Minimum contacts is understood to require that a defendant has "purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Id.* (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

In *Akro*, a declaratory-judgment action against a patentee, the issue was whether the patent holder "purposefully directed his activities at residents of the forum and, if so, whether the litigation results from alleged injuries that arise out of or relate to those activities." 45 F.3d at 1545. Here, Integrated Claims filed several lawsuits in Texas that relate to two of the patents at issue. The court finds that there is a sufficient connection between Integrated Claims' litigation in the Eastern District of Texas and this action to satisfy the minimum contacts prong of the *International Shoe* due-process test.

Once a plaintiff makes the required showing that there have been sufficient minimum contacts by the out-of-state defendant with the forum state, the defendant may still defeat jurisdiction by "marshaling a compelling case against jurisdiction on the grounds that its exercise would be unreasonable, and contrary to concepts of fair play and substantial justice." *Viam*, 84 F.3d at 429. The test of unreasonableness is a multi-factored balancing test that weighs any burdens on the defendant against various countervailing considerations, including the plaintiff's interest in a convenient forum and the forum state's interest in resolving controversies flowing from in-state events. *Id.* (citing *Burger King*, 471 U.S. at 477). When a defendant seeks to rely on the unreasonableness prong–the "fair play and substantial justice" factor–to avoid personal jurisdiction, the defendant "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King*, 471 U.S. at 477.

The inquiry under this test includes a balancing of (1) the burden on the defendant; (2) the interests of the forum state; (3) the plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the interest of the states in furthering their social policies. *Viam*, 84 F.3d at 429. Thus, "such defeats of otherwise constitutional personal jurisdiction 'are limited to the rare situation in which the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum.'" *Id.* (quoting *Akro*, 45 F.3d at 1549).

Integrated Claims' arguments fail to persuade this court that it would be inherently unfair to allow this action to proceed in this court. Particularly, as Integrated Claims has initiated several lawsuits in the Eastern District of Texas and thereby sought to enforce two of the same patents-in-

suit against other parties unrelated to Texas Mutual, it appears that Integrated Claims "has found a way to shoulder successfully the burden of litigating in [Texas]." *Viam*, 84 F.3d at 430. Further, it is undisputed that the nine other patents-in-suit are in the same family–referred to by Integrated Claims as the DiRienzo patents–relate to the same invention, and share the same patent specification. The claims in this action do not arise out of, or relate to, different sets of operative facts, with disparate inventions, infringement allegations, or accused products. Rather, Texas Mutual's declaratory-judgment-action claims arise out of and relate to the same set of operative facts. The court concludes that it has personal jurisdiction over Integrated Claims.

### *Subject-matter jurisdiction*

Integrated Claims contends that the court lacks subject-matter jurisdiction over the nine patents-in-suit added by Texas Mutual in the First Amended Complaint.[4] Integrated Claims argues that its allegations in the January 9 letter are limited to only two patents–the '020 and '768 Patents–and these allegations do not create a substantial controversy with regard to the remaining nine patents that together make up the DiRienzo family of patents. Additionally, Integrated Claims argues the January 9 letter simply identified the other nine patents-in-suit, and that the mere identification of these nine patents does not create a substantial controversy as to the entire DiRienzo patent portfolio.

To establish subject-matter jurisdiction, Texas Mutual, as the declaratory-relief claimant, bears the burden to prove that the facts alleged, under all the circumstances, "show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy

---

[4] Integrated Claims does not challenge the court's subject-matter jurisdiction over Texas Mutual's claims related to the '020 and '768 Patents.

and reality to warrant the issuance of a declaratory judgment" at the time suit is filed. *Matthews Int'l Corp. v. Biosafe Eng'g, LLC*, 695 F.3d 1322, 1328 (Fed. Cir. 2012) (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)).[5] This is not a bright-line inquiry, rather it is dependent on the facts of each action. *Matthews*, 695 F.3d 1328. Additionally, Texas Mutual must plead facts sufficient to establish jurisdiction at the time of filing the complaint, and post-complaint facts cannot create jurisdiction where none existed at the time of filing. *Innovative Therapies, Inc. v. Kinetic Concepts, Inc.*, 599 F.3d 1377, 1383-84 (Fed. Cir. 2010).

Integrated Claims argues that the court lacks subject-matter jurisdiction because the claim charts sent to Texas Mutual only related to the '020 and '768 Patents. Integrated Claims argues that *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899 (Fed. Cir. 2014) and *Cepheid v. Roche Molecular Sys., Inc.*, No. C-12-4411-EMC, 2013 WL 184125 (N.D. Cal. Jan. 17, 2013) support its position.

The court disagrees with Integrated Claims that these actions support the proposition that this court lacks subject-matter jurisdiction over the nine other patents-in-suit. *Cepheid* had two distinct categories of operative facts: (1) related to the patent subject to executed and terminated licensing agreements, arbitration proceedings, and multiple communications; and (2) related to another patent that was never the subject of any agreement, legal proceeding, or infringement allegations, and which had been dormant and essentially forgotten for over a year. 2013 WL 184125 at *4-13. The *Cepheid* court determined that it lacked jurisdiction over claims related to the second patent because the court found the related correspondence between the parties to be of a "relatively ambiguous nature". *Id.* at *12.

---

[5] As this is a patent-infringement action, Federal Circuit caselaw governs Integrated Claims' request to dismiss claims regarding the remaining nine patents for lack of subject matter jurisdiction. See *3M Co. v. Avery Dennison Corp.*, 673 F.3d 1372. 1377 (Fed. Cir 2012).

In *DataTern*, under the totality of the circumstances, Microsoft failed to establish the existence of a substantial controversy for its declaratory-judgment claim regarding Microsoft's infringement of the patent-in-suit at the time the complaint was filed. 755 F.3d at 907. "The only time DataTern and Microsoft communicated, DataTern assured Microsoft that it did not intend to sue Microsoft." *Id.* "This cuts against Microsoft's arguments that they might somehow be next or that [DataTern's] litigiousness against direct infringers alone ought to create a substantial controversy regarding inducement [or contributory infringement based on the alleged acts of direct infringement by Microsoft's customers]." *Id.* Further, "DataTern's litigation strategy appears to involve suing software users, not software suppliers." *Id.*

Here, Integrated Claims' January 9 letter states, "the DiRienzo patents are being practiced" by Texas Mutual. Further, the letter states, based on "the volume of attachment-containing transactions Texas Mutual must necessarily process as the largest workers' compensation insurance company in Texas (and which could not be processed electronically without practicing claims of the DiRienzo patents)." Further, the letter's statement that Texas Mutual's compliance with the Texas Administrative Code "necessarily infringes" the DiRienzo patents leaves no doubt that Integrated Claims is asserting that Texas Mutual cannot process insurance claims without practicing the claims of the DiRienzo patents, and that Integrated Claims' proposed license agreement is necessary because Texas Mutual's activities infringe the DiRienzo patents.

The court finds that Integrated Claims not only "listed" the DiRienzo patents in the January 9 letter, Integrated Claims also grouped them and alleged, collectively and in multiple instances, that Texas Mutual practiced and infringed the DiRienzo patents. Further, Integrated Claims' position expressed to Texas Mutual in the January 9 letter is that a license to the DiRienzo patents is required.

*See 3M Co.*, 673 F.3d at 1378-79 (holding that 3M "may infringe" established subject-matter jurisdiction); *Hewlett-Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1360-62 (Fed. Cir. 2009) (finding actual case or controversy without claim charts; stating that '021 patent relates to HP's products). Further, Integrated Claims' proposed license agreement included with the January 9 letter illustrates that there exists a case or controversy as to all 11 patents-in-suit, as all are included in the proposed license.

Having considered the totality of the circumstances, the court concludes that subject-matter jurisdiction exists with regard to all of Texas Mutual's claims regarding the 11 DiRienzo patents-in-suit.

**Failure to state a claim**

Integrated Claims moves to dismiss the portions of several of Texas Mutual's invalidity allegations included in the First Amended Complaint–"Causes of Action B, D, F, H, J, L, N, P, T, and V"–contending that the allegations include only legal conclusions regarding "patent eligible subject matter, written description, enablement, best mode, or definiteness" and each should be dismissed for failure to state a claim for which relief may be granted. *See* 35 U.S.C. §§ 101, 112 ("Sections 101 and 112"); Fed. R. Civ. P. 12(b)(6).[6] Texas Mutual responds that its pleading provides sufficient notice to Integrated Claims for invalidating each of the patents-in-suit.

A pleading must contain "a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a plaintiff must plead

---

[6] By its reply, Integrated Claims informs the court that it no longer asserts its motion to dismiss Texas Mutual's "Cause of Action R" in light of Texas Mutual's amended complaint. Following the filing of the amended complaint, Integrated Claims continues to maintain that Texas Mutual failed to correct pleading deficiencies with respect to claims pursuant to "Sections 101 and 112."

13

sufficient facts to show that it is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570 (2007). A complaint that offers only labels and conclusions or a formulaic recitation of the elements of a cause of action is inadequate to state a claim for which relief may be granted. *Id.* at 555; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must contain sufficient allegations of fact to be plausible. *Iqbal*, 556 U.S. at 678.

For each of the Texas Mutual causes of action of which Integrated Claims complains, Texas Mutual's amended complaint only addresses Texas Mutual's invalidity claims in the following manner:

> Texas Mutual alleges that the claims of the [] Patent are invalid because they fail to comply with the conditions and requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112. By way of example only and without limitation, one or more claims of this patent are anticipated and/or rendered obvious by one or more of the following: U.S. Patent No. 5,267,303, WordPerfect Informs, WordPerfect Office, Viewz for WordPerfect, Perform Pro, and/or International Patent App. No. WO 94/00820.

Integrated Claims argues that Texas Mutual's pleading addresses only claims of invalidity based on anticipation and obviousness, and that Texas Mutual pleads no facts with regard to the claims that each patent is invalid because there is lacking sufficient patent-eligible subject matter, a written description, an enablement, best mode, or definiteness. *See* 35 U.S.C. §§ 101, 112.

The court agrees with Integrated Claims that Texas Mutual's amended complaint lacks facts supporting Texas Mutual's invalidity allegations based on insufficient patent-eligible subject matter, written description, enablement, best mode, or definiteness. The court finds that the allegations of invalidity based on Sections 101 and 112 are pleaded in an conclusory manner and lack any factual allegations that might state a claim to relief that is plausible on its face. *See Bell Atlantic*, 550 U.S.

at 555; *see also Sun Valley Bronze, Inc. v. Nobilus*, LLC, No. CV 08-345-S-EJL, 2008 WL 5234055 (D. Idaho Dec. 12, 2008) (dismissing claims alleging without factual support "some or all of the claims of the '873 Patent are invalid for failure to comply with the requirements of 35 U.S.C. §§ 102, 103, and/or 112"). Merely citing to the sections of Title 35 that may or may not ultimately deem Integrated Claims' patents valid or invalid fails to allege sufficient facts to state a claim for relief that is plausible on its face. The court will grant Integrated Claims' motion to dismiss for failure to state a claim regarding the portions of Texas Mutual's Causes of Action B, D, F, H, J, L, N, P, T, and V alleging "patent eligible subject matter, written description, enablement, best mode, or definiteness" pursuant to Sections 101 and 112.

**Motion to transfer venue**

Integrated Claims requests that for convenience of the parties and in the interest of judicial economy, the court transfer this action to the United States District Court for the Eastern District of Texas, Marshall Division. *See* 28 U.S.C. § 1404(a). Integrated Claims argues:

> Aside from the key fact that *two of the exact same patents* are at issue in this case and all of the East Texas cases, there are several other similarities which support transfer. All of the cases stem from [Integrated Claims]' assertion that systems and methods for electronically processing insurance claims infringe the '020 and '768 patents. The same technology is involved in all cases. A few of the east Texas defendants even process workers' compensation claims, the exact same type of insurance claims at issue here. All of the patents involved in both cases related to the same invention, are part of the same family, and are all owned by [Integrated Claims].
>
> Claims construction is scheduled to take place in East Texas before it is scheduled to take place here. The court in East Texas will likely construe many of the claim terms that will also need to be construed by this court, because the '020 and '768 patents are involved in both districts' cases. (Emphasis in original.)

Texas Mutual opposes Integrated Claims' transfer request, arguing that the applicable private- and public-interest factors weigh against transfer, and that Integrated Claims has failed to show that the Eastern District of Texas is clearly more convenient than this district. Texas Mutual argues that the only conveniences raised by Integrated Claims are speculation that some proof might be closer to Marshall than Austin, and that cases go to trial sooner in the Eastern District of Texas than in this district. Texas Mutual takes issue with Integrated Claims' argument that judicial economy favors a transfer to a district where other similar actions are pending, because those cases are in the early stages, only two of the 11 patents-in-suit are at issue, and there are no common defendants. Additionally, Texas Mutual's notices to the court filed in June and August 2014, inform the court that each of the cases cited by Integrated Claims in the motion to transfer venue has either settled or been transferred out of the Eastern District of Texas. Currently, the only other Eastern District of Texas cases involving any of the patents-in-suit are two actions filed July 2, 2014.[7] In those actions, neither defendant has answered Integrated Claims' complaint.

Integrated Claims, as the party seeking transfer, bears the burden of showing that the Eastern District of Texas is "clearly more convenient" than Texas Mutual's choice of this court. *In re Volkswagen, Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).[8] In determining whether to grant a motion to transfer venue, the court must engage in a two-step inquiry, determining (1) whether the requested

---

[7] *See Integrated Claims Sys., LLC v. Care N' Care Ins. Co.*, No. 2-14-CV-735 (E.D. Tex.); *Integrated Claims Sys., LLC v. Community Health Choice, Inc.*, No. 2-14-CV-737 (E.D. Tex).

[8] Because resolution of this matter does not involve substantive issues of patent law, the court applies Fifth Circuit law. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). However, this is a patent-infringement action, and the law of the Federal Circuit regarding venue does not diverge from that of the Fifth Circuit. This court thus finds the reasoning of the Federal Circuit persuasive and consistent with Fifth Circuit precedent.

district is one where Texas Mutual could have brought this action and (2) whether private and public interest factors favor transfer. *In re Genentech, Inc.*, 566 F.3d 1338, 1341-42 (Fed. Cir. 2009) (citing *In re Volkswagen,* 545 F.3d at 315). The private factors include "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen*, 545 F.3d at 315 (citations omitted). The public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (alteration in original). Although the plaintiff's choice of venue may be accorded deference, that choice is not to be treated as a distinct factor in a venue analysis. *See TS Tech USA Corp.*, 551 F.3d at 1320 (citing *In re Volkswagen*, 545 F.3d at 314 n.10).

The court has discretion in deciding whether to transfer a case, but that discretion is limited by Section 1404(a) and precedent interpreting that statute. *See In re Volkswagen*, 545 F.3d at 311 (finding abuse of discretion and reversing denial of motion to transfer); *In re Horseshoe Entm't*, 305 F.3d 354 (5th Cir. 2002) (issuing writ of mandamus and directing district court to transfer case).

Initially, Texas Mutual could have filed this action in the Eastern District of Texas, because Integrated Claims voluntarily filed several actions in that district. The court next considers the relevant private and public factors and whether they clearly weigh in favor of transferring venue to the Eastern District of Texas.

In patent-infringement actions, the bulk of relevant evidence usually comes from the accused infringer. *See Genentech,* 566 F.3d at 1345. Texas Mutual is headquartered in Austin and nearly

all of its relevant evidence is either located in Austin or is located closer to Austin than to the Eastern District of Texas. Additionally the Texas Department of Insurance, Division of Workers' Compensation, which is responsible for promulgating, proposing, accepting comment on, and implementing all rules governing the workers' compensation system is located in Austin. None of Integrated Claims' evidence or witnesses is located in Marshall or elsewhere in the Eastern District of Texas. Integrated Claims has identified two potential witnesses and document sources, however none are within the Eastern District of Texas nor within the range of compulsory process. Further, the cost and convenience for willing witnesses to travel to and stay in Austin favors Austin over Marshall. Integrated Systems' only party witness, DiRienzo, resides in New York and will be required to travel to Texas regardless of where venue lies for this action. As for judicial economy, currently, this action has been pending on this court's docket longer than Integrated Claims' active cases have been pending on the docket in the Eastern District of Texas.

As for the public-interest factors, court congestion is a neutral factor, as the time from filing a civil action to trial is roughly the same in the two districts. Additionally, the forum's familiarity with the law does not favor transfer, as both courts are familiar with the patent law governing the action. The court finds that Austin's local interest in having this action decided in Austin greatly outweighs the nonexistent local interest Marshall or the Eastern District of Texas has in the substantive issues raised in this action.

Having considered the relevant private and public factors, the court finds that Integrated Claims has not established that the Eastern District of Texas is the "clearly more convenient" venue for this action. Integrated Claims' motion to transfer venue will be denied.

**IT IS ORDERED** that Defendant's Partial Motion to Dismiss for Lack of Personal Jurisdiction, Lack of Subject Matter Jurisdiction and Failure to State a Claim filed March 31, 2014 (Clerk's Document No. 23) is **GRANTED IN PART** and to the extent that the portions of Plaintiff Texas Mutual's Causes of Action B, D, F, H, J, L, N, P, T, and V alleging "patent eligible subject matter, written description, enablement, best mode, or definiteness" pursuant to Sections 101 and 112 are **DISMISSED WITH PREJUDICE** for failure to state a claim for which relief may be granted. In all other respects, the motion is **DENIED**.

**IT IS FURTHER ORDERED** that Integrated Claims' Defendant's Motion to Transfer Venue filed March 31, 2014 (Clerk's Document No. 25) is **DENIED**.

SIGNED this ___22nd___ day of August, 2014.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE